ALABAMA HOLDING CORPORATION, Respondent, *v.* LEE CONREY and Fourteen Other Tenants, Appellants.

(Supreme Court, Appellate Term, First Department, June Term — Filed October, 1921.)

**Landlord and tenant — reasonable value of apartments — increase limited to adequate return.**

> The judgment in each of fifteen actions to recover the reasonable value of apartments occupied by defendants allowing to the landlord an average increase of eighty-two per cent of the old rentals, giving it a return of over twenty per cent upon its equity, modified by reducing the judgments to amounts which will allow the landlord an increase of thirty-five per cent of the former rentals and costs, and as so modified, affirmed, with five dollars costs in each case.
>
> Finch, J., dissenting.

APPEAL by defendants from judgments of the Municipal Court of the city of New York, borough of Manhattan, seventh district, fixing the amount of rent to be awarded a landlord as reasonable and fair.

J. S. Rosenthal (I. Maurice Wormser and J. S. Rosenthal, of counsel), for appellants.

Morrison & Schiff (Isidor D. Morrison, Jacob R. Schiff and Samuel Dorfman, of counsel), for respondent.

DELEHANTY, J.   In these actions to recover the reasonable value of apartments occupied by defendants, the landlord's bill of particulars covers " expenses " aggregating $93,000.   The bill is based in part upon estimates rather than actual experience, and comprises a number of items of doubtful validity.

The learned judge below allowed an average increase of eighty-two per cent of the old rentals, paying the plaintiff, as we figure it, a return of over twenty per cent upon its equity.

Appellants do not insist upon a reversal of the judgments, but are willing to pay an increase of thirty-five per cent, which I believe would give the landlord a clearly adequate return.

Considerable stress was laid by the landlord at the trial upon testimony of certain real estate experts. One of them testified as to the present market value of the property.   He also testified as to the market rental value, adding that he thought the rent given by him was reasonable.   Considering the situation which the rent legislation was designed to meet, it is difficult to understand exactly what weight may be accorded to testimony of this kind, assuming it to be competent since it was not objected to.

Another expert testified on cross-examination as follows:  " Q. When you put down the prices — the figures you mean that is what the traffic will bear at this time, that is what you mean?   A. No, that is not the way I figure this.   The Court: What do you mean then?   A. I consider this as the fair and reasonable value.   What the apartments bring (in) is according to supply and demand.   In bad times they have to take less.   In good times they can get more, but these figures I figure on what the apartments are worth reasonably.   Q. Regardless of the housing emergency we have now?   A. I did not take that into consideration. If I had I would have made them much higher."

I confess that testimony of this character seems to me to be utterly speculative and of no value as the basis of a judicial decision.

Judgments accordingly modified by reducing the same to amounts which will allow the landlord an

increase of thirty-five per cent of the former rentals and costs, and as so modified, affirmed, with five dollars costs to the appellant in each case.

Bijur, J., concurs.

Finch, J. (dissenting). The trial court has found as a fact the reasonable rental value at the time of the apartment in question, and there is evidence to sustain the finding. Two witnesses of large experience in the real estate field, and both of whom were particularly familiar with the property in question, one having been in charge of the collection of rents and management of this particular property for three years under a prior owner of record, and the other having managed the property directly across the street, testified for the plaintiff, and both clearly distinguished between a fair market rental value as of the present time for these premises and a value at the same time due to the shortage of housing on account of the war conditions. Mr. Joseph Nassoit in fixing the rental value of these premises at twenty-eight dollars a room, testified: " I consider this is the fair and reasonable value, what the apartments will bring is according to supply and demand, in poor times they have to take less, in good times they can get more, but these figures I figured on what the apartments are worth reasonably. Q. Regardless of the housing emergency we have now? A. I didn't take that into consideration, if I had I would have made them much higher." Mr. James E. Taylor, the other witness, testified that the fair market value was thirty-five dollars a room: " Q. Seven times thirty-five dollars would be two hundred forty-five dollars; he is now paying one hundred thirty-five; you think according to your judgment that he ought to pay two hundred forty-five dollars a

Appellate Term, First Department, October, 1921. [Vol. 116.

month? A. I was asked what I considered a fair market value of the property to-day, not asked what any tenant ought to pay." One expert thus gave the reasonable market value at the time the property was affected by the public use at one hundred and ninety-six dollars a month and the other at two hundred and forty-five dollars and the court fixed it at one hundred and eighty dollars.

It is thus seen that the court adopted what it is submitted is the true rule which should be adopted in fixing such rental value, namely, a reasonable return upon the fair market value of the property as of the time when such property is affected with the public use. This is the rule which has been applied to many different classes of property when such property has become permanently affected with a public use (*Willcox* v. *Consolidated Gas Co.*, 212 U. S. 19; *Smyth* v. *Ames*, 169 id. 466; *People ex rel. Kings County L. Co.* v. *Willcox*, 210 N. Y. 479; *Minnesota Rate Cases*, 230 U. S. 352), and there would seem to be no distinction between such a case and where private property has only been temporarily instead of permanently affected with such use, as in the case at bar.

The trial court reached its conclusion with the help of the testimony of expert witnesses, which is one method of arriving at the result. A majority of this court has set aside the finding of the trial court and has reached its conclusion by making a finding as to the value of the land and building taken together and basing a return upon this. If this is to be the basis then the authorities hold that the building should be valued separately from the land at the cost of construction at the time the rental is to be fixed less accrued depreciation and the value so found should be added to the value of the land. *Smyth* v. *Ames*, 169 U. S. 466; *People ex rel. Kings County L. Co.* v. *Will-*

*cox,* 210 N. Y. 479. There is no evidence in this record showing said separate value of the building at such time.

For these reasons I am constrained to differ from the result reached by my colleagues, and vote to affirm.

Judgment modified, and as so modified affirmed.