ALABAMA HOLDING CORPORATION, Appellant, *v.* LEE F. CONREY and Others, Respondents.

First Department, June 2, 1922.

Landlord and tenant — Rent Laws of 1920 — action to recover rent for apartment in New York city — bill of particulars by plaintiff should show operating expenses for past year — purpose of bill of particulars — action should be dismissed on failure to file or for filing insufficient bill of particulars — evidence — failure of landlord to produce books to support bill of particulars may be used against him — items and expenses for collection of rent, depreciation at two per cent, legal expenses, and other expenses estimated, disallowed — allowance for expenses reduced — allowance of thirty-five per cent increase in rent approved.

In an action to recover the rent for an apartment in New York city, in which the defense interposed is that the rent demanded is unreasonable and unjust, the bill of particulars, which section 2 of chapter 944 of the Laws of 1920 provides that the landlord shall file when requested by the tenant, must include a statement of the operating expenses for the period of one year last past.

The obvious purpose of the statute which requires the filing of a bill of particulars is to apprise the tenant upon what facts the landlord claims that he is entitled to increased rentals.

If a landlord fails to file the bill of particulars when required to do so, it is the duty of the court as provided by the statute, upon the tenant's motion, to dismiss the action, and where the bill of particulars filed does not comply with the provisions of the statute, it is as though no bill had been filed and the court in that event will be warranted in dismissing the complaint.

Where the landlord fails to produce his books and vouchers upon the trial and to furnish competent evidence in support of the details contained in the bill of particulars, his failure, unless satisfactorily explained, should militate against him.

The item in the landlord's bill of particulars for " collection and management " based on five per cent of the total annual rents cannot be allowed as a part of the expenses, as it appears that the landlord owns other properties which it manages in conjunction with the premises in question; that the great bulk of the rent was paid by checks mailed to the landlord's office and there is no claim that the property was managed by a real estate broker or any outside party, and where it further appears that the landlord has included an item for salaries as to which item no testimony was given in explanation.

The item for depreciation at the rate of two per cent should be disallowed as there was no proof submitted which would warrant the allowance thereof. Likewise, the item for legal expenses and sundry items, the nature of which was not disclosed, should be disallowed as a part of the expenses.

The landlord's estimates of the total expenses at $173,683.15 is reduced to $145,000, and based on the expenses as thus reduced together with the net return upon the valuation of the property, an increase of forty-four per cent in the rent would be justified, but inasmuch as new leases for a part of the apartments have been voluntarily entered into at increased rentals in excess of that percentage, and a the remaining tenants are willing to pay the thirty-five per cent increase allowed by the Appellate Term, the judgment will be affirmed.

APPEAL by the plaintiff, Alabama Holding Corporation, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 26th day of October, 1921, modifying the judgments of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, in favor of the plaintiff entered in the present action and in thirteen other independent actions by the plaintiff, the appeals in which have been consolidated by stipulation into one appeal, which said judgments increased the rent by about eighty-two per cent, by reducing rental value thus found, to thirty-five per cent increase.

*Morrison & Schiff* [*Charles H. Tuttle* of counsel; *Carl E. Peterson* with him on the brief], for the appellant.

*Jacob S. Rosenthal* of counsel, for the respondents.

GREENBAUM, J.:

The fourteen actions were brought under the Emergency Rent Laws. The parties stipulated to consolidate them in a single

appeal.  The premises in question comprise two elevator apartment buildings covering the entire block fronting Riverside Drive between One Hundred and Forty-first and One Hundred and Forty-second streets, and contain 176 apartments consisting of four rooms and bath; five rooms and one and two baths; six rooms and two baths; and seven rooms and three baths.

One of the buildings has two passenger elevators and one freight elevator, and the other has but one passenger and one freight elevator.  The buildings were erected in 1914.

The plaintiff filed three separate bills of particulars, but they did not conform to the requirements of the law in that they failed to state the actual expenses for the preceding year.

Laws of 1920, chapter 944, section 2, or more correctly section 2 of chapter 136 of the Laws of 1920, as added by chapter 944 of the Laws of 1920, provided for the filing of a verified bill of particulars, which *inter alia* shall state: " The rent received for each such apartment or store for the period of one year last past; the consideration paid by the landlord for the building, if he be the owner thereof, or if he be a lessee the rent agreed to be paid by him; the assessed valuation of the property and the taxes for the current year;   *   *   *   the operating expenses with reasonable detail."

It is evident that the act contemplated a statement of the operating expenses for the " year last past," just as it required a statement of the rents received from each apartment during that period. This construction is emphasized by the circumstance that the act specifically mentions that the assessed valuation of the property and taxes are to be stated " for the current year."

The obvious purpose of the statute which requires the plaintiff, in an action like the one under review, to file a bill of particulars is to apprise the tenant upon what facts the landlord claims that he is entitled to increased rentals.  If the landlord fails to file a bill where the statute so provides, it is the duty of the court, upon the tenant's motion, to dismiss the action.  The statute provides as follows: " Upon the plaintiff's failure to file said bill of particulars within the time limited the court upon motion of the defendant shall dismiss the complaint."

It follows that, where a landlord files a bill which does not comply with the provisions of the statute, it is as though no bill had been filed; and the court in that event would be warranted in dismissing the complaint.

It should also follow that, where the landlord fails to produce upon the trial his books and vouchers and furnish competent evidence in support of the details contained in the bill, his failure to produce such books and vouchers, unless a satisfactory explana-

tion for their non-production is given, should militate against him in the same way as it would against a party who fails to call a witness who is in his employ or under his control, who could, if called, testify to a material fact in the case.

Upon the cross-examination of plaintiff's secretary, it appeared that most of the items of expenditure were estimates. For example, the item of coal was stated to be $26,784. When the plaintiff produced its coal bills for the preceding year it was discovered that the amount spent for coal during that period was $18,000, a difference of $8,784. The bill of particulars contains an item of $9,894.15 for "collection and management," being five per cent of the total annual rents received. It appeared that the plaintiff also owns other properties which it manages in conjunction with the premises in question, and that as matter of fact the great bulk of the rent was paid by checks mailed to plaintiff's office. There is no claim that the property was managed by a real estate broker or any outside party. As matter of fact, the bill of particulars contains an item of upwards of $20,000 for salaries, as to which no testimony was given. For aught that one knows, these salaries include payment for services of management. Nor was any evidence given as to the expenses in maintaining plaintiff's office for the management of the various properties. Under such circumstances a charge of five per cent upon the rents received should not be allowed.

The bill contains an item of $29,800 for depreciation, based on two per cent of the plaintiff's assessed valuation of the buildings of $1,490,000. There was no proof submitted which would warrant an allowance of two per cent for depreciation. (*Hall Realty Co. v. Moos*, 200 App. Div. 66.)

There is an estimated item for legal expenses, amounting to $2,965, which it was admitted was intended to cover expenses for prosecuting the Rent Law cases. Such an expenditure should not be allowed.

There is an item of $1,962.67 for sundry items, the nature of which is not disclosed.

It is but just to the parties to say that, when this case was tried, as well as when the appeal was heard at the Appellate Term, the opinion in the *Hall Realty Co. Case* (*supra*) had not been published. In fact that case was not decided by the Appellate Division until February 17, 1922.

There were other items of considerable amounts in the bill, which were only estimates of expense for the current year, unsupported by any proofs of expenditures for similar items for the year immediately preceding. The bills of particulars which were filed furnish inherent evidence of recklessness in statement. For

example, in one of the bills the taxes for the year 1920 are stated as $57,009.50, based upon an assessed valuation of the property of $1,766,000, at the rate of three and twenty-three one-hundredths per cent. It was subsequently changed to $48,780.50, the actual amount of taxes levied upon the property for that year. Again, as to the item of depreciation, we find that in one of the bills it is estimated at $42,360, being two per cent on $2,118,000, plaintiff's estimated value of the buildings, whereas in another of the bills the item of depreciation is stated as $29,800, based upon a two per cent estimated valuation of the buildings of $1,490,000.

The evidence as to the value of the premises is most unsatisfactory and unreliable. From the documentary stamps to the amount of $211 on the recorded deed to plaintiff, dated September, 1919, which was subject to mortgages aggregating $1,275,000, the purchase price of the premises would be $1,486,000.

For the purposes of determining the fairness of the rentals fixed, we have given the landlord the benefit of the higher figure and assumed a valuation of $1,765,000, which at eight per cent would entitle plaintiff to a return of $141,200.

According to plaintiff's estimates, the total expenses, including taxes and water rates and an exaggerated sum for depreciation, and excluding interest on mortgages, would be $173,683.15. In our opinion, based upon the proofs and lack of proofs, $145,000 would be a liberal estimate of expenses. Adding that sum to $141,200, the net return allowable upon the valuation of the property, we have $286,200, which would represent the gross rentals to which the landlord would be entitled.

The bill of particulars states that the total rentals from the 176 apartments for the yea  ending September 30, 1920, amounted to $197,883.07. ˙ If the annual rentals for the year ending September 30, 1920, amounted to $197,883.07, and if the landlord would be entitled to obtain annual rentals aggregating $286,200 for the year ending September 30, 1921, it follows that the landlord would be justified in increasing its annual rent roll by the sum of $88,316.93, which would be approximately a forty-four per cent increase.

Upon the trial plaintiff's secretary testified that at that time new leases had been concluded with 72 of the 176 tenants, thus leaving 104 apartments at the old rentals; and that the then montly rentals aggregated $21,300, which at that rate for the current year would amount to $255,600.

It thus follows that at the time of the trial the plaintiff's annual rent roll amounted to $255,600, or within $30,600 of the sum of $286,200, with adjustments for increased rentals yet to be made with 104 tenants.

It is quite apparent from the foregoing analysis that the increased rentals fixed by the learned Municipal Court justice were largely in excess of what the proofs warranted, and that the conclusion of the Appellate Term (See 116 Misc. Rep. 657) in allowing a thirty-five per cent increase above the former rentals was most liberal to the plaintiff.

Inasmuch as the respondent tenants have expressed a willingness to pay a thirty-five per cent increased rental, we have concluded not to order a new trial, but to affirm the judgment, with costs to the respondents.

Clarke, P. J., Laughlin, Dowling and Smith, JJ., concur.

Determination affirmed, with costs.