KENTUCKY HOLDING Co., INC., Landlord, Respondent, v. JULIUS TANNENBAUM, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, June 26, 1924.

Summary proceedings to dispossess — proceeding for non-payment of rent — tenant interposed statutory defense as answer, deposited amount sued for in court and demanded bill of particulars — failure of landlord to file bill of particulars under Laws of 1921, chap. 434, § 2 — denial of tenant's motion to dismiss proceedings for landlord's failure to file bill of particulars erroneous — discretionary with court whether tenant's statutory defense be stricken out, pursuant to Laws of 1922, chap. 664, § 6, where tenant fails to continue payment of accruals of rent after filing answer.

The denial of a tenant's motion to dismiss proceedings against him for non-payment of rent is erroneous where it appears that the tenant interposed the usual statutory defense, raising the issue of fairness and reasonableness, deposited the amount sued for in the court, and demanded a bill of particulars which the landlord did not file in keeping with section 2 of chapter 434 of the Laws of 1921.

It seems, that it is discretionary with the court whether the tenant's statutory defense be stricken out, pursuant to Laws of 1922, chapter 664, section 6, where the tenant fails to continue paying the monthly installments of rent as they accrue after filing his answer.

APPEAL by tenant from a final order of the Municipal Court of the city of New York, borough of Manhattan, fifth district, rendered in favor of the landlord.

*Lewis Landes*, for the appellant.

*Julius D. Tobias*, for the respondent.

LEVY, J.   The landlord instituted summary proceedings against the tenant for non-payment of rent.   The tenant interposed the usual statutory defense under the rent laws, demanded a bill of particulars and deposited the amount sued for in the court.   The landlord did not file a bill of particulars as is required by the statute. Laws of 1921, chap. 434, § 2.   The tenant, in the period succeeding, failed to pay to the landlord or to deposit with the clerk the rent which subsequently accrued, but made a motion to compel the landlord to file a bill of particulars.   While this motion was pending undetermined, the proceedings came on for trial and the following motion was made by the tenant to dismiss: " I move that the proceedings of the landlord be dismissed on the ground that he has not complied with the law in filing his bill of particulars."   This motion was promptly denied notwithstanding the fact that the court's attention was drawn to the pendency of a somewhat similar motion before another justice, which up to that moment remained

undecided. The cause proceeded to trial and at the conclusion the landlord moved for the direction of a verdict in its behalf on the ground that the tenant had failed to tender the rent which became due after filing of the answer. The tenant in open court offered to tender this additional sum which had thus accrued and in spite of this the trial judge granted the motion and the jury accordingly found for the landlord.

Whether or not it was error for the court to make this direction in the landlord's favor seems to us unnecessary to consider in the light of what had previously occurred. It is perfectly true that it was incumbent upon the tenant to continue paying the monthly installments as they became due after he filed his answer on the demand of the landlord (Laws of 1922, chap. 664, § 6), but the statute in this respect vests in the trial court what obviously appears to be a discretionary power. Unlike the statute which provides that the tenant must at the time of answering deposit with the clerk such sum as equals the rent or rental value in arrears, failing to do so, the court " *shall* " strike out the defense raising the issue of fairness and reasonableness, the statute in respect to the payment of the accruals subsequently occurring provides that on the tenant's default the court on motion of the landlord " *may* " strike out such statutory defense. It clearly appears, therefore, that the legislature well intended to differentiate between these two situations and while in the one case it seemed to make it mandatory, in the latter case it left it open as matter of discretion with the trial judge. The tenant having upon the trial tendered the accruals, might present a question as to whether the discretion was soundly exercised. But it is necessary only, it seems to us, for the purpose of this appeal, to look into the ruling by the trial court in respect to the tenant's motion to dismiss. Clearly the tenant was well within his rights after having deposited the sum demanded at the time of answering, to have a bill of particulars filed in keeping with the statute. It may be that the landlord's failure to comply with the statute in this respect caused the tenant to feel that he was not obliged to make any further payments. But this is not important for the purpose of these considerations. The statute is unequivocal in its language. It requires, where the answer contains the statutory defense and the deposit is made as therein provided, that " the plaintiff within five days after the filing of the answer * * * shall file with the clerk of the court a verified bill of particulars setting forth the gross income derived * * *. Upon the plaintiff's failure to file said bill of particulars within the time limited the court upon motion of the defendant shall dismiss the complaint."

This very statutory provision received judicial interpretation at the hands of the Appellate Division in *Alabama Holding Corporation* v. *Conrey*, 201 App. Div. 565, 567. " If the landlord fails to file a bill where the statute so provides, it is the duty of the court, upon the tenant's motion, to dismiss the action. The statute provides as follows: ' Upon the plaintiff's failure to file said bill of particulars within the time limited the court upon motion of the defendant shall dismiss the complaint.' "

The denial of the tenant's motion to dismiss the proceedings was clearly error and the final order should be reversed, with thirty dollars costs, and proceedings dismissed, with costs.

BIJUR and MULLAN, JJ., concur.

Order reversed and proceedings dismissed.