CHARLES A. OLSON, on Behalf of Himself and All Other Stockholders of INTER-AMERICAN RADIO PROJECTS, INC., Similarly Situated, Plaintiff, *v.* EUGENE JORDAN et al., Defendants.

Supreme Court, Special Term, New York County, June 25, 1943.

*Hays, St. John, Abramson & Schulman* for plaintiff.

*Charles P. Franchot* for Eugene Jordan, defendant.

*Walter H. Merritt* for Inter-American Radio Projects, Inc., defendant.

EDER, J. On May 17, 1943, a copy of the summons in this action was served on the corporate defendant by making service thereof on the Secretary of State, pursuant to section 25 of the Stock Corporation Law, and he in turn forwarded it to said defendant. On May 19th the summons and complaint were served upon said defendant personally by delivering same to an officer thereof. On June 14th the said defendant served its " answer " to the complaint. This was returned on June 15th with a notice reading as follows: " Please take notice that the within answer is hereby returned to you on the ground that the time of the defendant Inter-American Radio Projects, Inc. to answer expired on June 11, 1943, and that service of an answer on June 14, 1943, by mail is untimely." It seems that the said defendant's time to answer was extended by stipulation to June 11th. The said defendant claims it was not in default as the answer " was served within thirty days after service of the summons and complaint on the secretary of state."

The plaintiff states that even assuming that the time of the defendant to answer is to be reckoned from May 17th by reason of the service of the summons upon the Secretary of State, nevertheless the said defendant is still in default, since in that event its time to serve an answer expired on June 16th, that no answer has been received by plaintiff's attorneys and that a " purported " answer was served upon plaintiff's attorneys on June 14th, which it is " immediately apparent " is no " answer " because it fails to comply with section 261 of the Civil Practice Act.

The instant proceeding is instituted by the plaintiff for an order directing the severance of this action, permitting the plaintiff to prosecute this action against the other defendants, and for an order directing the assessment of damages against said corporate defendant and directing the entry of a judgment against it.

This application must rest upon the ground that the said defendant was in default in the service of the answer, and not on any other ground as it was upon this ground that the plaintiff's attorney refused to accept it. Even if any other valid ground for rejecting service of the answer existed, it was waived by limiting the ground of rejection to that set forth in the notice.

Section 263 of the Civil Practice Act, entitled " Time within which to appear or answer ", so far as here material provides: " A defendant upon whom the plaintiff has served a copy of

the complaint must serve a copy of his answer upon the plaintiff's attorney within twenty days thereafter.''

The said defendant's position is that the defendant had thirty days in which to serve an answer because the summons and complaint were served upon the defendant through service made upon the Secretary of State, and by the provisions of subdivision 9 of section 228 of the Civil Practice Act, which section is entitled '' Personal service of summons upon domestic corporation '', and authorizes service to be made on the Secretary of State as provided in the Stock Corporation Law. The last sentence of this subdivision reads as follows: '' If service be made upon the secretary of state, the time within which the corporation is required to appear shall be deemed to be extended ten days.''

Section 237 of the Civil Practice Act, entitled '' Defendant's appearance '', so far as here relevant, provides: '' The defendant's appearance must be made by serving upon the plaintiff's attorney, within twenty days after service of the summons exclusive of the day of service, a notice of appearance, a copy of an answer or a notice of motion raising an objection to the complaint in point of law.''

Reading subdivision 9 of section 228 and section 237 literally, they refer to the time in which a defendant must appear in the action but the provision as to the time in which the answer must be served is in section 263; this requires the answer to be served within twenty days. If that is the applicable provision, then the service of the answer on June 14th was late and the refusal to accept it was proper. On the other hand, if the defendant had thirty days in which to answer because service was made on the Secretary of State, then the time to answer did not expire until June 16th and said defendant is not in default.

When two modes of service have been made under which two different periods in which to answer are provided for, one greater than the other, the defendant has the right of choice and no default can occur until the last day of the longer period to answer has expired, and it must be assumed he has chosen the longer period to serve an answer where it is not served sooner. The question that remains is whether subdivision 9 of section 228 extends the time of the defendant to answer an additional ten days, which would give a defendant thirty days in which to serve an answer.

This subdivision does not extend the time to answer but to appear. This results in an incongruous situation and absurd result. It affords no benefit to a defendant, and it is obvious

that the Legislature intended to confer a benefit on a defendant so served by giving him additional time to answer, rather than to appear; otherwise it serves no purpose.

If an answer must be served within twenty days, the very service of the answer constitutes an appearance in the action. Of what use is the service of an appearance thereafter? It can serve no useful function, results in a repetitious appearance, which serves no purpose and becomes a meaningless gesture. If a defendant should avail himself of the thirty-day period in which to appear, he would be in default in answering in the interim. Thus the additional ten days given by subdivision 9 of section 228 performs no service to the defendant and results in an absurdity.

While it is true as a rule of statutory construction that the fact a certain construction renders a statute tautological is no objection to such construction (*Kavanaugh* v. *McIntyre,* 210 N. Y. 175, affd. *sub nom. McIntyre* v. *Kavanaugh,* 242 U. S. 138), yet if it leads also to absurdity the construction given must be such as will avoid an absurd construction and result. This is a well-established rule which has become elementary. To avoid an absurd construction of a statute, it is held that the courts will reject the literal meaning of words to conserve the spirit and intent of an Act over the mere letter: and so it is held that literal or usual meanings of inconsistencies in a statute are ignored if thereby the intent can be arrived at. (*Drew* v. *Village of White Plains,* 157 App. Div. 394.) In *Matter of McDonald* (225 App. Div. 403) it is held that the court, in construing a statute, is not necessarily bound by the literal language of a statute if it conflicts with the Legislature's manifest intent.

I am of the opinion that the primary intent of the Legislature was to extend the time of a corporate defendant to answer, if served pursuant to the provisions of section 25 of the Stock Corporation Law by making service on the Secretary of State, an additional ten days, having in mind the fact that a certain period of time must elapse from the time of the receipt by him to the time he forwards the summons and complaint to the corporation and their ultimate delivery to the corporation; he might not forward the papers immediately; they might remain in his office for a few days due to pressure of business or other cause, and due allowance was made for these contingencies by extending the time of the defendant to answer an additional ten days, thus protecting the corporate defendant against the possibility of prejudice or injury caused by such

delay. This must have been the legislative intent — to extend the time to answer, not to appear. Here the extension of time " to answer " serves a really useful purpose and such a construction avoids an absurd result and is entirely consonant with the primary purpose of the Legislature in the enactment of this provision. The word " appear " as used in subdivision 9 of section 228 was manifestly intended to be " answer ", so as to extend the defendant's time " to answer " an additional ten days. " The thought behind the phrase proclaims itself misread when the outcome of the reading is injustice or absurdity " (*Surace* v. *Danna,* 248 N. Y. 18, 21).

Under such a construction and interpretation, the defendant, having been served on May 17th, had thirty days to serve an answer, which carried the time to June 16th, and the service made on June 14th was good and the defendant was not in default.

The fact that the defendant signed a stipulation extending its time to answer to June 11th is of no consequence: there was no consideration moving to the defendant for doing so and it had the right to avail itself, in spite thereof, of its full statutory time to serve an answer.

The motion is accordingly denied.