In the Matter of FIFTH MADISON CORPORATION, Appellant. NEW YORK TELEPHONE COMPANY et al., Respondents, et al., Defendants.

Argued November 18, 1947; decided January 15, 1948.

*Wilmurt B. Linker* and *Dorothy S. McCrea* for appellant. I. A proper construction of the Business Rent Law requires the court to allow the amount of the annual depreciation of a building as an operating expense or otherwise to take it into consideration in determining the reasonable rents of spaces therein. A contrary construction renders the statute unconstitutional. (*Schack* v. *Handel,* 271 App. Div. 1; *Twentieth Century Associates* v. *Waldman,* 294 N. Y. 571; *Hall Realty Co.* v. *Moos,* 200 App. Div. 66; *Alabama Holding Corp.* v. *Conrey,* 201 App.

Div. 565; *Ward* v. *Stillwell*, 118 Misc. 462, 204 App. Div. 875; *Matter of Yonkers R. R. Co.* v. *Maltbie*, 251 App. Div. 204; *United States* v. *Ludey*, 274 U. S. 295; *Lindheimer* v. *Illinois Tel. Co.*, 292 U. S. 151; *United Railways* v. *West*, 280 U. S. 234; *Clark's Ferry Co.* v. *Commission*, 291 U. S. 227; *Matthews* v. *Matthews*, 240 N. Y. 28; *Bowles* v. *Willingham*, 321 U. S. 503.) II. The words of the statute " other lawful evidence of the fair value may be offered and received " should not be construed to permit the property involved to be valued on the basis of evidence adduced in a certiorari proceeding for a prior year, the determination made in such a proceeding, and the value as at a prior date claimed in the landlord's tax protest. (*People ex rel. Hilton* v. *Fahrenkopf*, 279 N. Y. 49; *Matter of Roge* v. *Valentine*, 280 N. Y. 268.) III. A proper construction of the statute requires the 2% amortization allowance to be based upon the full amount secured by the mortgages. IV. Under the Business Rent Law the landlord is entitled to rentals equivalent to the full amount of its allowable annual return, and a determination of gross rentals arrived at by deducting the amount of its income from other sources, from its allowable annual return, is improper. (*Twentieth Century Associates* v. *Waldman*, 294 N. Y. 571.) V. Special Term erred in failing to apportion among the several tenants of the building the gross rental to which it found appellant entitled. (*Schack* v. *Handel*, 271 App. Div. 1.) VI. The rents fixed by Special Term neither yield the landlord a reasonable return nor amount to the fair rental values of the several rental units involved. VII. The record does not sustain respondents' contention that the trial court's disallowance of the cost item of depreciation was in accordance with the evidence before it. (*Hull* v. *Littauer*, 162 N. Y. 569; *United Railways* v. *West*, 280 U. S. 234; *Lindheimer* v. *Illinois Tel. Co.*, 292 U. S. 151; *Knoxville* v. *Water Co.*, 212 U. S. 1; *Nashville, Chattanooga & St. Louis Ry.* v. *Walter*, 294 U. S. 405.) VIII. The arguments of respondents in support of the court's determination of $5,100,000 as the fair value of the property are based on evidence improperly admitted by the trial court. (*Matter of Roge* v. *Valentine*, 280 N. Y. 268.) IX. The debt for the amortization of which the Business Rent Law allows 2%, includes the debt which arose by reason of

the nonpayment of "if earned" interest on the second mortgage. X. Appellant's income from other sources should not be included in the net annual return of 6% presumed to be a reasonable return to the landlord.

*Alexander Appel* for John E. Cahill Company and others, respondents. I. The trial court's disallowance of the item of depreciation was in accordance with the evidence before it and the Business Rent Law. (*Hall Realty Co. v. Moos,* 200 App. Div. 66; *Schack v. Handel,* 271 App. Div. 1; *Matter of 76 Crown Street Corp.,* 271 App. Div. 1030.) II. Evidence of a most substantial character supports the trial court's determination of $5,100,000 as the fair value of the property. (*Hall Realty Co. v. Moos,* 200 App. Div. 66; *Schack v. Handel,* 271 App. Div. 1; *Matter of Pincus [Goldberg],* 271 App. Div. 579.) III. The trial court properly excluded unpaid interest on the second mortgage in computing the amount of allowable amortization. IV. The landlord's income from sources other than rents, being inseparable from the operation of the premises as an office building, was properly included with the landlord's rental income from the building. V. If there can be complaint against a uniform increase, only the tenants may complain. VI. A landlord can have no complaint under the Business Rent Law unless the rents in excess of the emergency rents fail to yield him a reasonable return.

*John E. Donnelly* and *Joseph E. Kinsley,* in person, for Joseph E. Kinsley and another, respondents. I. The findings of the trial court are supported by the evidence. Therefore, its determination should not be disturbed. (*Tyng v. United States Submarine & Torpedo Boat Co.,* 60 N. Y. 644; *Baird v. Mayor,* 96 N. Y. 567; *Sanger v. French,* 157 N. Y. 213; *Dennerlein v. Martin,* 247 N. Y. 145; *New York Mortgage Corp. v. Clotar Constr. Corp.,* 254 N. Y. 128; *Donellan v. Ketchum,* 78 App. Div. 144; *Carr v. Morris,* 191 App. Div. 671; *Mansbacher v. Prudential Ins. Co.,* 273 N. Y. 140; *Boyd v. Boyd,* 252 N. Y. 422; *Glaser v. Glaser,* 276 N. Y. 296; *People ex rel. Third Ave. R. R. Co. v. Tax Commissioners,* 212 N. Y. 472; *Cornish v. Farm Buildings Fire Ins. Co.,* 74 N. Y. 295.) II. "Depreciation" is not included in the words "Cost of Maintenance and Operation" in the Business Rent Law as an item which may be

considered in fixing a presumptively reasonable return. (*Colon* v. *Lisk,* 153 N. Y. 188; *Twentieth Century Associates* v. *Waldman,* 294 N. Y. 571; *Schack* v. *Handel,* 271 App. Div. 1; *Matter of 76 Crown Street Corp.,* 271 App. Div. 1030.) III. The trial court properly received in evidence the judicial determination of value in certiorari proceedings instituted by the petitioner. It also properly received in evidence a tax protest filed by the petitioner in which a lower valuation for the preceding year was claimed. (*People ex rel. Hilton* v. *Fahrenkopf,* 279 N. Y. 49; *People ex rel. Warren* v. *Carter,* 119 N. Y. 557; *Schack* v. *Handel,* 271 App. Div. 1; *Ware* v. *Dos Passos,* 162 N. Y. 281; *McKinnon* v. *Bliss,* 21 N. Y. 206; *Redmond* v. *Industrial Benefit Association,* 78 Hun 104; 150 N. Y. 167; *Smith* v. *Dodge,* 49 Hun 611; *Hadley* v. *Jarvis,* 20 N. Y. Super. Ct. 461; *Walrod* v. *Ball,* 9 Barb. 279.) IV. Petitioner is not entitled to a 2% amortization of the interest of its mortgage in addition to principal. V. Income received from other incidental sources should be included in gross annual rents. VI. Petitioner could not require the trial court to apportion the statutory increase granted by it among the various tenants.

*Samuel M. Sacher* and *Louis H. Levin,* in person, for Louis H. Levin and another, respondents. I. The item of depreciation was properly disallowed and no legal or constitutional questions are involved. (*Hall Realty Co.* v. *Moos,* 200 App. Div. 66; *Shack* v. *Handel,* 271 App. Div. 1; *Matter of 76 Crown Street Corp.,* 271 App. Div. 1030.) II. The fixing by the trial court of $5,100,000 as the fair value of the property is fully supported by the evidence. (*Matter of Pincus* [*Goldberg*], 271 App. Div. 579; *People ex rel. American Mfg. Co.* v. *Brady,* 104 Misc. 703, 184 App. Div. 901.) III. The court below properly disallowed the accrued and unpaid interest on the second mortgage. IV. Income from electricity and other sources was properly included in total income from the property. V. The granting of a uniform increase of 17½% in no way prejudiced the appellant. VI. Appellant received a greater return on the fair value of the premises than it was entitled to.

FULD, J. This appeal, involving the construction and application of the Business Rent Law (L. 1945, ch. 314), presents a question of considerable importance and interest to landlord

and tenant of business and commercial space in the city of New York.

The current emergency rent legislation, it is common knowledge, was enacted to curb the existing and expected evils of exorbitant rents and widespread evictions while the wartime shortage of housing, business, and commercial space continued. At the same time, in order to afford landlords a reasonable return from leased property, the emergency laws provide a means to alleviate possible hardships visited on landlords as their costs rise and their rent returns dwindle. Thus, in the case of business and office space, the Business Rent Law allows the landlord a blanket "emergency" increase of 15% over the rents prevailing on June 1, 1944, without need to resort to court proceedings (§ 2, subd. [c]). If he seeks a greater return, he may apply to the Supreme Court for such further increase as is " reasonable " according to the general formula set out in section 4 of the Law to guide the court in fixing higher rent.

The key figure in this formula — and the figure which the court fixing rent must first compute — is the "fair value" of the property. Once such fair value is ascertained, section 4 recites, a "net annual return" equal to 6% of such value and an additional 2% of the principal of any mortgages on the property to allow their amortization "shall be presumed to be a reasonable return." And, continues the statute, in determining reasonable rent, " due consideration shall be given to the cost of maintenance and operation of the entire property (including land and building in which such business space is located) *including* amount paid for taxes assessed against such property, and to the kind, quality and quantity of services furnished, but *excluding* amortization or interest paid or accrued on any incumbrances ". (Emphasis supplied.)

In this case, petitioner initiated a proceeding for determination of a reasonable rent for its twenty-one-story building, housing 180 tenants. The increase sought would have raised rents more than 50%. The court at Special Term entered an order allowing petitioner a uniform rent increase of 17½% as to all tenants. The Appellate Division unanimously affirmed and we granted leave to appeal. Petitioner complains, among other things, that the courts below erred in excluding an item of

annual depreciation from its costs. A regard for both legislative history and purpose of the rent laws persuades us that that ruling was right.

The Legislature's explicit inclusion of taxes as an item of cost, its express exclusion of continuing fixed charges — such as interest and amortization — suggest a restrictive content for the phrase, " cost of maintenance and operation ". Depreciation, not specifically included as such a cost, should not be so treated unless — having in mind the basic anti-inflationary aim of the statute — a reasonable construction requires that result.

Property owners, it was foreseen, might suffer unfairly if rents were to be solidly frozen in a period when costs of goods and services were rising. Accordingly, provision was made for revising rents upward to meet those exigencies. But such increases were to be limited to compensating landlords " for increased costs of operation resulting from war conditions." (See Report of N. Y. State Joint Legislative Committee to Inquire Into and Study Commercial Rents in N. Y. City, N. Y. Legis. Doc., 1945, No. 2, p. 20.) With that in mind, the conclusion is clear that — however depreciation may be treated as an accounting item in other situations (1 Bonbright, Valuation of Property [1st ed.], pp. 179 *et seq.*; Finney, Principles of Accounting, p. 318; Kester, Advanced Accounting [3d Rev. ed.], p. 246) — it may not be considered a cost within the meaning of the Business Rent Law. The phrase " cost of maintenance and operation ", in that statute, is to be confined to sums actually paid out or incurred. (Cf. *Schack* v. *Handel*, 271 App. Div. 1, 7; *Matter of 76 Crown St. Corp.* [*Carl & Sons, Inc.*], 271 App. Div. 1030.)

Petitioner herein, choosing merely to rely upon a bookkeeping entry which charged an item of $54,310 to depreciation, offered no evidence that its property had actually depreciated in value. It is not hard to find the reason for the lack of proof of actual depreciation; it was not available. Quite apart from the fact that war-induced shortages in rental space arrested and reversed the normal downward trend of the value of a building as it ages, one of the petitioner's own expert witnesses confirmed that there had been no depreciation in the value of this

particular building since 1942. Under these circumstances, an allowance for theoretical depreciation would not be warranted — even in the view of those courts which had permitted such a deduction in cases decided under the emergency rent legislation (L. 1920, chs. 136, 944, § 4) enacted during the First World War. (See *Alabama Holding Corp.* v. *Conrey,* 201 App. Div. 565, 568; *Hall Realty Co.* v. *Moos,* 200 App. Div. 66, 73.)

Nor do we find any merit in petitioner's companion point — that the statute is unconstitutional if interpreted to exclude depreciation as a cost. In essence, petitioner argues that a statute is discriminatory and confiscatory, and, therefore, unconstitutional, if it fails to give the landlord the benefit of a sum for theoretical annual depreciation, even though there be no actual depreciation.

Failure to include depreciation as a cost, it is said, gave petitioner a return on his property of 5.23% instead of the 6% envisaged by the statute. Of course, since we conclude that depreciation is not to be treated as a cost, the determination does actually allow petitioner a return of 6%. In any event, though, neither State nor Federal Constitution commands that 6% is the lowest yield that may properly be allowed to landlords. We need not now decide at exactly what point a return which a statute makes presumptively reasonable becomes confiscatory. For present purposes, it is enough to say that, unless and until petitioner can show that 5.23% is so low a return as to be beyond the power of the Legislature to authorize, no constitutional problem arises.

The discriminatory feature of the legislation is said to arise from the fact that fully depreciated property derives its allowable return of 6% under the statute, while property not fully depreciated receives less since it is not allowed any item for depreciation. Petitioner would have us hold, in effect, that a landlord is entitled, as a matter of constitutional law, to have an otherwise reasonable return from property augmented by an allowance for *theoretical* depreciation. If we assented, lessors of fully depreciated property could claim with equal force that they were being discriminated against because they, too, were not granted an allowance for theoretical depreciation. However, absent proof of actual depreciation, basis for

urging a constitutional question just does not exist. We need go no further in this case.

We have considered the other points raised by petitioner and believe that they were properly decided.

The order of the Appellate Division should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Order affirmed.