In the Matter of COURT SQUARE BUILDING, INC., Appellant, against CITY OF NEW YORK, Respondent.

First Department, March 29, 1948.

*M. Carl Levine* of counsel (*David Morgulas* and *Albert Foreman* with him on the brief; *M. Carl Levine, Morgulas & Foreman*, attorneys), for appellant.

*Benjamin Offner* of counsel (*Harry E. O'Donnell, Reuben Levy* with him on the brief; *John P. McGrath, Corporation Counsel*), for respondent.

CALLAHAN, J.  This is an appeal by a landlord in a proceeding under the so-called Business Rent Law (L. 1945, ch. 314).

The appellant is the owner and landlord of an office building at 2 Lafayette Street, in the borough of Manhattan.  The respondent is a tenant occupying several floors in the building for use as court rooms, etc., by the Municipal Court of the City of New York.  On or about January 7, 1943, the parties had entered into a lease for such space expiring April 30, 1945, at a reserved rent of $123,300 per annum.  On or about October 31, 1944, a renewal lease was executed to take effect on May 1, 1945, for a further period of three years at an increased rental of $163,850 per annum.  Meanwhile, however, and prior to commencement of the term demised under the renewal lease the law for the stabilization of business rents became effective on March 28, 1945 (L. 1945, ch. 314), and the respondent refused to pay more than its emergency or statutory rent of $141,795 computed on the basis of the rent paid by the tenant on June 1, 1944, designated as the maximum rent date by the statute, plus 15% (L. 1945, ch. 314, §§ 1, 2).  Thereupon the landlord commenced this proceeding for a declaration (1) that the emergency rent law did not apply to the City of New York as a tenant, and (2) if applicable, that the landlord was entitled to receive the rent reserved under the renewal lease as a reasonable rental based on the fair rental value of the demised premises.

We think that the statute extends to the present tenancy and by definition includes space of the kind involved in this proceeding (L. 1945, ch. 314, § 2).  Its provisions are

applicable to the renewal lease made by the parties prior to the effective date of the statute. (See *Twentieth Century Associates* v. *Waldman,* 294 N. Y. 571.) In this connection it may also be said that no ground for evasion of the emergency rent law and its application to this case can be asserted by reason of the fact that the execution of such lease was authorized only at a fair and reasonable rent in accordance with the requirements of the Administrative Code of the City of New York. (§§ 384–3.0, 384–13.0).

This brings us to a consideration of the merits of the landlord's petition for a fixation of rent in excess of the emergency rent under the statute.

We think that the trial court was warranted in fixing the sum of $547,935.40 as the amount of allowable income to the landlord and approve the findings implicit in such determination based on a consideration of fair value of the property, amount of mortgages, and expenses of maintenance and operation in accordance with the statutory formula (L. 1945, ch. 314, § 4).

In determining the rental income from the property the trial court found a so-called " base " rent of $452,808.16 for the building on the basis of actual rentals plus the reasonable value of certain vacant or rentable space as of June 1, 1944. In view of prevailing conditions we agree that it was proper to allow a fair estimate for vacant or rentable space as a factor in determining the " base " rent in this case.

We also consider that the trial court properly added the sum of $40,653 received by the landlord as additional income or profit from the sale of electricity, waste materials, etc., in the computation of gross rentals under the statute (L. 1945, ch. 314, § 4). It appears that the same procedure was followed by the trial court and approved by the Court of Appeals in *Matter of Fifth Madison Corporation (New York Tel. Co.)* (297 N. Y. 155).

To the " base " rent of $452,808.16 as determined aforesaid there was added 15% for the purpose of ascertaining the emergency or statutory rent of the building. Under the circumstances it would seem that the trial court fell into error in this step of its calculation. The statute seems to contemplate that the amount of gross rentals be determined in relation to the actual income obtainable from the building at the time of application to the Supreme Court for an increase in rent (L. 1945, ch. 314, § 4). It appears, however, that the landlord could not actually obtain any increase of 15% as emergency rent from the tenants other than the respondent occupying space in the premises (L. 1945, ch. 314, § 5).

The printed record on appeal has been supplemented by stipulation of the parties that the tenants other than the respondent were paying annual rentals of $319,473.16 at the time of application for a rental increase in this case, and that these tenants were not subject to payment of emergency rent or proceedings for fixation of reasonable rent under the statute. On the basis of this stipulation we may proceed to a determination of the rights of the parties and thus obviate the necessity for a new trial in this proceeding.

For the purpose of determining the gross income obtainable from the building we have taken the rentals of $319,473.16 aforesaid and added (1) the sum of $141,795 representing the emergency rent payable by the respondent, (2) the sum of $40,653 other income from nonrental sources, and (3) an adjusted amount for the emergency rent of the vacant or rentable space as determined by the trial court. We have adjusted the allowance for such space by deducting from the sum fixed by the trial court (1) a reasonable amount for the business office of the landlord and (2) the rent paid by a tenant whose occupancy of part of this space began on January 15, 1945, as per stipulation aforesaid. This calculation establishes a gross rental or available income in the approximate sum of $510,000 and substantially less than the $547,935.40 needed to afford a reasonable return from the building. Accordingly, the landlord would be entitled to an increase in rents sufficient to make up the deficiency.

The question remains as to how the reasonable rent of the respondent is to be fixed in order that it may contribute its fair share of the required sum. In this regard the statute (L. 1945, ch. 314, § 4) provides in part: " The rent to be so fixed shall be a reasonable rent based on the fair rental value of the tenant's business space as of the date the application to the supreme court or submission to arbitration is made. In the determination of the amount of such reasonable rent * * * (b) such rent shall be fixed in such manner that it shall not exceed a fair and reasonable proportion of the gross rentals from all the business space in the entire building, giving due consideration to the amount and character of the business space used or occupied by such tenant * * * ".

The statute thus requires that the increased rent (1) shall be a reasonable rent based on fair rental value, and (2) shall be so fixed that it will not exceed a fair and reasonable proportion of the gross rentals from the building upon proper consideration of the amount and character of the tenant's space.

The parties to this proceeding had agreed upon a rental of $163,850 per annum for the space in question under a lease made subsequent to June 1, 1944, during the period of emergency resulting from economic pressures and lack of space found to exist as a matter of legislative determination (L. 1945, ch. 314, § 1). On the trial the landlord offered opinion evidence fixing the reasonable value of the respondent's space at the rental reserved under the lease. The respondent's expert, however, differed on this issue in the case and evaluated such space at a figure substantially equivalent to the emergency rent.

The trial court found that the total rentable space consists of 288,762 square feet, of which the respondent occupies an area of 88,100 square feet or approximately 30% of the building. In *Schack* v. *Handel* (271 App. Div. 1) we approved the apportionment of an increase in rent on a square foot basis because the evidence disclosed no variations in rental value for the separate lofts occupied by the tenants.

In this case, however, we have proof of rental disparity between the several floors of the building. The evidence indicates that the space from the 8th through the 23d floor of the building is more valuable than the space on the lower floors occupied by the respondent. Upon consideration of all the evidence we conclude that these upper floors are worth 10% more than the portions of the building demised to the respondent. There must be proper allowance for this differential in determining the percentage or proportion of the respondent's space to the rentable area of the entire building. For this reason we have increased the latter by 10% of the space from the 8th through the 23d floor. On this basis the 88,100 square feet of the respondent represents approximately 28.3% of the adjusted rentable area in the building.

Accordingly, we find that the respondent should be required to pay 28.3% of the $547,935.40 necessary to produce a reasonable return from the premises on a yearly basis, if that amount does not exceed the reasonable rental value. In our opinion the sum of $155,265.72 per annum thus determined appears to be a reasonable rent based on the fair rental value of the respondent's space and satisfies the requirements of the statute in that it does not exceed a fair and reasonable proportion of the required gross rentals, giving due consideration to the amount and character of the business space occupied by the respondent.

The order appealed from should be accordingly modified by granting the landlord's petition to the extent of determining

that the reasonable rent of the space occupied by the respondent amounts to the sum of $155,265.72 per annum to continue during the period of emergency or until such time as a new rental may be fixed upon application to the court, and, as so modified, affirmed, with costs and disbursements to the appellant.

PECK, P. J., GLENNON, COHN and VAN VOORHIS, JJ., concur.

Order unanimously modified by granting the landlord's petition to the extent of determining that the reasonable rent of the space occupied by the respondent amounts to the sum of $155,265.72 per annum to continue during the period of emergency or until such time as a new rental may be fixed upon application to the court, and, as so modified, affirmed, with costs and disbursements to the appellant. Settle order on notice.