In the Matter of SIRBO HOLDINGS, INC., Appellant. JOHN T. KRAPP et al., Respondents, et al., Defendants.

First Department, June 22, 1948.

*Melville Southard* of counsel (*Cadwalader, Wickersham & Taft,* attorneys), for appellant.

*Philip K. Schwartz* of counsel (*Davis & Gilbert,* attorneys), for Associated Program Service, Inc., respondent.

*Matthew M. Levy* of counsel (*Louis Kantor* with him on the brief), attorney for Theatrical Protective Union No. 1 of New York, respondent.

*Bernard Schwartz* of counsel (*Horace G. Marks* with him on the brief), for Timothy O'Meara, respondent.

*Isaac Strahl* for Edith Lances, respondent.

*John S. Chapman, Jr.,* of counsel (*Duer, Taylor, Wright, Woods & Chapman,* attorneys), for Emergency Laboratories, respondent.

CALLAHAN, J.   This case was tried by Special Term prior to our decision in *Matter of Court Square Bldg.* v. *City of New York* (273 App. Div. 441) involving a similar proceeding by a landlord for an increase of rents under the emergency rent laws. (L. 1945, ch. 314.)   It is understandable, therefore, that the trial court did not follow the method indicated by us in the cited case for apportionment of the allowable increment among the various tenants.   In the *Court Square* case (*supra*) we endeavored to point out that any increased rental awarded in a proceeding of this kind should be a reasonable rent based on fair rental value and fixed in such manner as not to exceed a fair and reasonable proportion of the gross rentals from the building upon proper consideration of the amount and character of the tenant's space (*Matter of Court Square Bldg.* v. *City of New York,* 273 App. Div. 441, 445, *supra*).

In the present case it having been found that an increase in rents was justified, the tenants subjected to such increment were directed to pay additional rentals on the basis of a uniform 25% increase over the base rents paid by them on the so-called rental freeze date.

The procedure followed by the trial court in this case, if uniformly adopted, might produce inequities in some instances. Thus, in the case of two tenants paying widely different rents for similar space on the rental freeze date the one subject to the higher rent would be obliged to contribute a proportionately greater share of any increase and might thus be required to pay an amount exceeding the fair rental value of his premises. It is also conceivable that such method might be unfair to a landlord in a situation where a considerable portion of a building

was under long-term leases and not subject to emergency increases of rent, and if a flat percentage increase would afford him less than the amount of a reasonable rent for the space of a particular tenant. Under the formula of the *Court Square* case each tenant's rent would be computed at such percentage of the gross rentals required to produce a reasonable return from the building as the space occupied by said tenant bore to the total rentable area, giving due consideration to the amount and character of his space. In no event, however, may the increased rent exceed the fair rental value of such space. (See Laws of 1945, ch. 314, § 4.)

We recognize, of course, that the rule of the *Court Square* case might entail an intricate mathematical calculation in a situation like the present involving a large building with numerous tenants occupying subdivided floors and with a variation in rental values dependent on location, light and other circumstances. The method adopted by the trial court in this instance in awarding rental increases on a flat percentage basis was a much simpler procedure. No great inequity would follow from the use of one method rather than the other in a case where there was no marked disparity between rents for similar accommodations or where no considerable portion of a building was exempt from emergency rent increases because of long-term leases or for other reasons.

In the present proceeding the tenants affected by the allowance of additional rents appear to be satisfied with the course pursued, as none of them appeals from the determination of the trial court. Accordingly, for the purposes of this case we need only inquire whether the landlord has just cause for complaint.

On examination of the record we find that the procedure adopted by the trial court furnishes no justifiable ground for complaint by the landlord. In *Matter of Fifth Madison Corp. (New York Tel. Co.)*, (272 App. Div. 766, affd. 297 N. Y. 155) the trial court had allowed the landlord a rental increase computed on the basis of a fixed percentage over the base rents paid by the tenants. We nevertheless affirmed on the landlord's appeal for the reason that the increases in rent thus determined in that case appeared to be sufficient to provide a reasonable return from the building. In the instant proceeding we also find that the landlord has been allowed an adequate increment in the rents to be paid by the tenants who are respondents on this appeal. In any event it does not sufficiently appear that the landlord called the attention of the trial court to any inequity

resulting from the method actually employed by it in the fixation of the rental increases.

We, therefore, vote to affirm the order appealed from, with costs and disbursements.

GLENNON, J. P., DORE and SHIENTAG, JJ., concur; COHN, J., concurs in result.

Final order unanimously affirmed, with costs and disbursements. [See *post,* p. 886.]