HERBERT MUEHLSTEIN et al., Plaintiffs, *v.* LEONARD MORTGAGE Co., INC., Defendant.

Supreme Court, Special Term, New York County, September 22, 1949.

*Barney Rosenstein* for plaintiffs.

*Francis N. Pollack* for defendant.

RABIN, J. This is a motion by tenants of an apartment house to restrain the defendant owner from collecting or enforcing a rent increase authorized by the Office of the Federal Housing Expediter.

Plaintiffs contend that the rent increase order is invalid on three grounds: (1) that the increase was not authorized by the Housing Expediter himself but by the Area Rent Director without consulting the local advisory board; (2) that the regulation of the Expediter permitting landlords to deduct depreciation is invalid as contrary to the intent of Congress as evidenced in the Housing and Rent Act of 1949 (Public Law 31, 81st Cong., 1st Sess.); and (3) that the landlord's application for a rent increase which had been submitted under the procedure in force prior to the enactment of the Housing and Rent Act of 1949 was, without notice to plaintiffs, treated as an application under the 1949 statute.

The contention that the rent increase order is null and void because issued by the Area Rent Director without consulting the local advisory board appears to be without merit. Subdivision (e) of section 206 of the Federal Housing and Rent Act of 1949 as amended provides that " any duly authorized representative " of the Housing Expediter " may exercise any or all of his powers in any place ". Plaintiffs concede that if the Housing Expediter himself had authorized the rent increase, it would have been valid notwithstanding failure to consult the local advisory board. It follows that the Area Rent Director, a duly authorized representative of the Housing Expediter, could likewise issue the rent increase order without consulting the local advisory board (see *Bowles* v. *Griffin,* 151 F. 2d 458, 460).

The claim that the rent increase was invalid because defendant was permitted to deduct depreciation under a regulation issued by the Housing Expediter in contravention of the Congressional intent expressed in the Housing and Rent Act of 1949 is also overruled. Even if it be assumed that a State court may hold invalid a regulation of the Housing Expediter on the ground that it is contrary to the intent of the Federal statute which he is administering, the court is of the opinion that plaintiffs' attack upon the rent increase order must fail. Plaintiffs rely upon a decision of our Courts of Appeals (*Matter of Fifth Madison Corp.* [*New York Tel. Co.*], 297 N. Y. 155), which held that under

the New York Business Rent Law (L. 1945, ch. 314, as amd.) depreciation should not be deducted in the absence of an express provision authorizing such deduction. The case is not applicable here. Not only does it involve the interpretation of a different statute, but the legislative history and background of the Federal act is entirely different from that of the New York Business Rent Law. The references to the Congressional Record quoted in the reply brief submitted on behalf of defendant reveal that it was the intent of Congress to authorize the Housing Expediter to allow depreciation in the determination of " fair net operating income ". Under the rent acts preceding the enactment of the 1949 statute, the Housing Expediter had permitted deduction of depreciation and the failure of Congress to provide that depreciation was not to be considered tends to indicate approval of the prior rulings of the Housing Expediter permitting deduction of depreciation.

As to the claim that the application for a rent increase was improperly processed under the 1949 statute without notice to plaintiffs, it need only be observed that the answering affidavit submitted in opposition to this motion for a temporary injunction (1) states that plaintiffs did receive notice that defendant's application was under the 1949 act as well as under the prior statute, and (2) goes on to state that plaintiffs actually interposed answers in opposition to defendant's application as one under the 1949 statute as well as under the prior laws.

Nor may it be successfully contended that plaintiffs were entitled to an oral hearing. In *Wasservogel* v. *Meyerowitz* (275 App. Div. 387, 389), the Appellate Division in this Department recognized that " no hearing is required."

A statement is made in plaintiffs' brief that to the extent that the rent increase order here involved is retroactive, it is invalid. It does not appear whether or not the order is retroactive, and retroactivity is not one of the grounds urged in the moving papers. The question of whether the order, if retroactive, would be valid as to its retroactive provisions has therefore not been considered on the present motion (in this connection see *Wasservogel* v. *Meyerowitz, supra*).

As the only ground upon which an injunction might properly issue is that the applications for rent increases were processed under the 1949 statute without notice to plaintiffs, and as it appears from the affidavits that plaintiff is hardly likely to succeed on the facts on that issue and as it appears further that a stay may irreparably injure the defendant, the motion for the temporary injunction is denied.