Per Curiam.

The final order appealed from should be modified, with costs to appellant, by increasing the fair valuation of the premises from $750,000 to $800,000 and by increasing the reasonable return from an annual rate of 4% to 5%, to be computed upon said fair valuation of the premises. The total allowable income under the statutory formula should -be increased, by reason of the foregoing, from $144,768 to $154,768 and, after deducting the gross rental income of the petitioner at the commencement of the proceeding in the sum of $126,105.67, petitioner is entitled to an increase of $28,662.33.
Under clause (b) of the first paragraph of section 4 of the Business Rent Law (L. 1945, ch. 314, as amd.), the rent for the floor space of these tenants is to be fixed in such manner that it shall not exceed a fair and reasonable proportion of the gross rentals from all the business space in the entire building, giving due consideration to the amount and character of the business space used or occupied by such tenants. It has been held that what is a fair and reasonable proportion of the gross rentals from all of the business space in the building, is to be determined upon the basis of the relative rental values of floor space (Matter of Court Square Bldg. v. City of New York, 273 App. Div. 441, mod. 298 N. Y. 380; Schack v. Handel, 271 App. Div. 1). The increase in rent allowed should not have been apportioned, as was done by Special Term, in proportion to the rentals paid at the commencement of the proceeding.
The entire amount of rent payable by the tenants respondents herein (including such fraction of the increase as is allocable to them) should be apportioned against them in the proportions which the rental values of the floor spaces occupied by said tenants, respectively, bear to the total rental value of the entire rentable floor space in the building. The square feet available for occupancy in this building on the different floors may be *141 ascertained from the items in the bill of particulars at pages 24-27 of the record, the accuracy of which does not appear to have been questioned, and the comparative rental values of square footage upon the several floors is shown by the testimony of the witness Thomas B. Walker at page 82, as follows: subbasement, fifty cents; basement, $1; mezzanine, $1; main floor, $6; second to fourteenth floors, inclusive, $3.50; and fifteenth floor, $4. These figures are larger than the fair rental values of business space in this building, judged by the amount which it is held that the landlord is entitled to receive as a reasonable return from the whole building under the provisions of section 4 of the Business Rent Law. They would produce an aggregate gross rental from the entire building of $224,040, whereas the amount which it is held the landlord is entitled to receive is $154,768 as aforesaid. They reflect correctly, however, the comparative rental values of space -upon the different floors. The fair rental values for the different floors, as determined by the amount of $154,768 needed to produce a reasonable return from the building as a whole, are found to be 69.9% of the above-mentioned figures testified to for the various floors, which means that floor space in the building is fairly valued as follows per square foot: sub-basement, thirty-five cents; basement, seventy cents; mezzanine, seventy cents; main floor, $4.20; second to fourteenth floors, inclusive, $2.45; and fifteenth floor, $2.80. The formula to be applied requires multiplying the square footage occupied by the several tenants respondents, as shown in the bill of particulars, by the rate per square foot, as just stated, for the respective floors. The result will give the fair rental value to be paid by each tenant respondent, and the order should state the exact figure for each one. This means that approximately 60% of the rent which the landlord is entitled to receive from the entire building will be borne by tenants respondents in proportion to the rental values of their floor spaces as of the date of the application to the Supreme Court.
The order appealed from should be modified in accordance with the foregoing, with costs to appellant.
Peck, P. J., Gleffof, Dore, Cohf and Vaf Voorhis, JJ., concur.
Order unanimously modified in accordance with the opinion herein. Settle order on notice.