Per Curiam.

The landlord in this proceeding is the lessee of an entire building under a ten-year lease terminating September 14, 1953. It sublet a portion of the premises to the tenant herein for a term which ended on January 14, 1949, and it now seeks to recover possession of the tenant’s space for its own *522 use; _ The proceeding is brought under paragraph 1 of subdivision (hi) of section 8 of the Business Rent Law (L. 1945, tóÍáH§ % s^Mil^k-as added j>y,L,,1^46, .,fih,;27§?i|is2i) ,, M ,T:; Trior to^M^eiil, &)r ¡adding the pro visions of sub^^sipn ((h);, pf, section^ ,to:,;the Business Rent . ..íhbmuw 86M883W mi ü ammis-j@ «iíoixr the business to he carried on m the
„ By the enactment of subdivision (h) the light to maintain .such ,8 mfi-aas.-jobifr’.ii' íi'ntOiíi.i;.'-,r. vu i;-)¡j[¡¡i'-uu amre&feV’l Viuimyjn iu , tests® MBaBiessimder paragr&pihd of subdivision (h)j. Siicgitheipioyisipns ¡of,.subdivision- (id) circumscribing the,.right feipossession Iveremot-repeated in--subdivision (h)y!lhe:;ques-tion ááipreserited! as # yrhetbefrhd1)1 añd'fh,)Ih#é(-tiO;bhíi’,éád togbth'bLs© ;ilahdlb'í,d:5hedkitl#r)oyshssii'(1)iüiTólr''.,i<t^ ‘Own M^éfwbraih^hW’bhbíhb^'wi'ch'li ^idpb'yy p’ft nathorigedito,. muintpiu i proceedings. for étoeiaSec^yeryí ©fr.businésS! spade ítheiiLegislMureüdid-xno't ihteÉíd tfteSsesbeíiefitedHby the* amendment to have-giehterTights thahthi ÉvtolFb ftíW&jjftop&rjkfl! .Wé'fiávfe ¿tíreátljf§iciheld íít‘1 b'í’ti&déflíW 9..M .Qi.-tófiíül íht'Jyií-- y> JL _ ,b\ (/w of section •Oririqlt'j yiu 2 35t«V«l,V *ii U J5), O plrnymmbm F _ ____n 8. ' (224 West 27th Street Corporation v. Lieberman, 272 App. Div. 725)Í BÍÉt'thust be’bqtiié'íii: ihihd'that'the' 'p’rffpose -tení'dfgeiidyfllbg&lhtidn>‘ivatsi. tbní- 6tihbtlti$é,,6'xris1íifii9,,,áiml # k ti ___,^j-j. ... ri<l .blpe<^á"m'vííseó:f9W0rbitéht!'rétíts'tan'd(*wides,preádlevi'G’táonsi^ miler fbeimlíbrtagé 'of-ibusihbkk; Space!• .'continried (Matter of fifth Madison Corp. [New York Tel. Co.[ 297 N. Y. 155, 160)r ffitfbei. dawnmffiorSs upibtéctóbSilotóin tenaütsíl'diñf posse's; Mo#ánd!stiiñp'óratiíyi «suspends thb ivightá'ióf ? thdséí PÜtitl'ed to possession. Anyí®Ml&td%hdimstitufé4k!-pii''ó'éfeé’,dib.gi,tt)iré,é5Vdi hiisincissspaceTor-lts ovvii us.e, seeks to oust-a tonántiif possession -ahíti itábe refere must meet- the -requirements imposed; V There- is no reasonable basis for distinguishing between a landlord-whose EÉptóWFÍ1* is predicated upon a leasehold. Both see^^^m^r^ thfeteñf bhk bndbld; ¿id h^btfaf f ^tó* tHeibiihbdfee J@f lSí$ aífdWéSBtéhtídii óf fhh(fe‘é^\sfafnfo'y ^ -^5 d'j!
'ihtéreí#lh‘th¿ ífli^átiheíit á#"h'indeñti¿ry fdquíf ehléht^aiidí rihéd5"n'otrheu ¿pb1 «j.Vr IS' *523 eifically alleged in,!ithe petijtipn,, Jn respect,an allegation that the space:,is, sought, fop tk.e .landlord 5s ¿Sown.immediate and-pern fíonal use. ’ ’ is sufficient. • Such an allegation is contained in the1 petition in this caSe. The proof in support thereof establishes ffiatitife/Ríidlferd,’’s is’^rekltér/tháh'the^hiinith IjV tlie Statute^ jit ájJ>peatjad-t/5.except,xor d^SvPordioniipccu'pied byiitheitpnantjiithe .entire::buil4ingris':Usod.!hy.:ithe;r.landlord,in its¡ business -1 which'1 consists1 ofRrentiiig -its - pRemisek-íoñ sporting events, dances, cPnvehtiqilk, banquets -knxl the like.' It is its sole pl^cé'pf business! ' The landlord contends that it could improve ltd,pdsipees^,íf, Ifdiad.qío.eseetiiop.pf' t,hp dpiLapt ’e, Ip.^ce. By till?; proceeding, it seeks-to .recover, possession. - of .-such ¡space - for. the. purpose of using it to expand its business. It is, therefore,- the ffijté oWei-'ot tIfd 'bííyiiicfé'g'|)íbpBsed'tC)i bC'cai'riéd’bítí ill the-space "PÍ?'1\®M^.íí-,^]lií'i.í’"--tí^''ipO^’jilVpitósf’in tlie inyestmeiítf yiip hltpatíqhb.étiveen tíie, laiidlordVpcl .íiis,crémtoi;k need not he Considered.1 „■< ... ?• r. ¡mu - -«u, :i1 v > ¡i-.:.... --v i,»,.
;-i,-Thfe fqiiestion o-l'the landlc)rd'’-s - good1 faith is a - quéstioii" of'fact which W'as submitted to the jtivy oil a proper charge and itsverdi^tin11 j^vor ]"pf tíin 'JLk^cllprdV i's ‘the evidence. -A'lii»,",, : .ill -fj; ", : i , m v, -i..;,. |
--i i PAeCOrdingly,.- .thtf ■ del erm-iiiation-.ofithe ¡Appellate Term, should: be5 réveiSéd, Avitlicbsts -t d'dlre kppfeiiant,' and the final order of the ilutiicidal C ni v t ‘‘.1 i i: f AT óT' o’f thfeti'ahdlox'd reinstated.'';‘ !,j
Peck, P. j\, GlennOn, Valla iian and Van Vooehis, Jjl, concur; SmEk1TÁG,‘ J1., ‘dissents1 arid Vote's "fti'affirm. “!
Deteniiination of the Appellate Term reversed, with costs to thé'kppéílhilf atid1'tíie 'finalhidev of the Municipal Gdurt in favor Of' the'Ikndldfd1 ’Reinstated.i!¡■ Settlfe1 order Onnotice:- [See'11277’ l!:i 11- A-1-