Van Voorhis, J.
These are cross appeals by landlord and tenant from an order made under section 4 of the Commercial Bent Law (L. 1945, ch. 3, as amd.) directing the payment of a reasonable rent in excess of the emergency rent. Only one tenant of the building at 715-727 Broadway, in the borough of Manhattan, city of New York, is a party to this proceeding. This tenant occupies loft space upon the eighth floor.
This is an “ alternative proceeding ” instituted under a portion of section 4 of the Commercial Bent Law added by chapter *687 534 of the Laws of 1949. Prior to this amendment, it was held that a landlord could not obtain a reasonable rent in excess of the emergency rent from statutory tenants paying less than the allowable rental values of their spaces, if the landlord received a reasonable return (as defined in section 4) from the building as a whole (Matter of Relmar Operating Corp., 297 N. Y. 609). That deprived the landlord of the benefit of favorable leases, and gave it to statutory tenants in the same building paying less than the statute contemplated that their spaces were worth. It also meant that other landlords could not succeed in obtaining as much as the statute recognized as a fair return from the entire building, notwithstanding that some tenants might be paying less than they should pay as a reasonable rent under the statutory formula, if other spaces in the building had been rented to tenants under unexpired leases for less than a reasonable rent as defined in the statute. This was due to the construction placed by the courts on the clause in section 4 that rent for a statutory tenant must be fixed ££ in such a manner that it shall not exceed a fair and reasonable proportion of the gross rentals from all the commercial space in the entire building or other rental area ”. (Matter of Court Square Bldg. v. City of New York, 298 N. Y. 380, modfg. 273 App. Div. 441; Matter of Cedar-Temple Realty Corp. [Astor], 276 App. Div. 139.)
Chapter 534 of the Laws of 1949 was apparently adopted to require statutory tenants to pay the reasonable rental values of the floor spaces occupied by them (computed under the statutory formula), regardless of what the landlord receives from the rest of the building. This purpose is disclosed not only by the 1949 amendment itself, but also by the Report of the New York State Temporary Commission to Study Rents and Rental Conditions (N. Y. Legis. Doc., 1949, No. 52), which recommended its enactment. At page 18 of this report the commission stated: “ Under the proposed amendment a landlord of either commercial or business property would be afforded an additional remedy by petitioning the Supreme Court to require a statutory tenant whose emergency rent for the proportionate space occupied by him is less than would yield a fair return to the landlord, to pay a rental which will give the landlord a fair return for the space so occupied.”
The commission also stated (p. 18): <£ A survey by the Commission and its predecessor Commission has shown a considerable number of instances where the rent paid by certain tenants is less than would yield a fair return to the owner on the proportionate space occupied. In many cases the owner is without a *688 remedy, "because the rents received from the entire property preclude relief.”
In accomplishing this object, the Legislature used language which, if construed literally, might be deemed to require that in applying the statutory formula in the new alternative proceeding, the floor space throughout the entire building shall be appraised at an equal rental value per square foot, regardless of whether it be choice showroom area on the ground floor, or much less desirable loft space in the eighth story.
Such a result is not necessary to the accomplishment of the purpose intended by the Legislature. To evaluate all of the floor space in the same building at the same figure per square foot, would require the occupants of the poorest spaces to pay the rent for the most valuable. The Legislature did not intend that result. “ If a construction sought to be placed on a statute produces an absurdity it is, as a general rule, to be discarded ” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 145 [citing numerous cases] ; cf. Curtis v. Leavitt, 15 N. Y. 9, and Matter of Dowling, 219 N. Y. 44). In Olson v. Jordan (181 Misc. 942) it was well said that, to avoid an absurd construction of a statute, courts will reject the literal meaning of words to conserve the spirit and intent of an act over the mere letter.
That is especially true where, as here, a literal construction would be likely to result in unconstitutionality (McKinney’s Book 1, § 150; Tauza v. Susquehanna Coal Co., 220 N. Y. 259). “ Restriction is implicit in police power however exercised ” (People v. Arlen Service Stations, 284 N. Y. 340, 345), and the constitutional guaranty of the equal protection of the laws requires that even statutes which are related to the promotion of the public health, safety, morals and general welfare “ must not be unreasonable nor must they make unjust discrimination against individuals or classes (Black’s Constitutional Law, sec. 371.) ”. (People ex rel. Duryea v. Wilber, 198 N. Y. 1, 9; Aerated Products Co. v. Godfrey, 290 N. Y. 92.) In both of those cases, statutes adopted in the exercise of the police power were held to be unconstitutional as denying the equal protection of the laws. Here there is even less basis for classification than in either of the statutes involved in those decisions.
Other provisions in the emergency rent laws proceed upon the basis that commercial or business space in buildings in New York City is frequently of unequal value, which is so clearly true that there is no basis in reason on which the Legislature could classify all of the square footage in the same buildings as necessarily of equal value.
*689 That might have invalidated the 1949 amendment if it had been the object of the Legislature to accomplish this result, but the clear purpose of the bill is to do something else. The courts are to give effect to the intention of the Legislature, and if the purpose of a statute can be discerned from its language in the light of the mischief to be remedied, such intent should not be thwarted due to verbal inadvertence. Here, as in Riggs v. Palmer (115 N. Y. 506, 509) “ a thing which is within the letter of the statute is not within the statute, unless it be within the intention of the makers. The writers of laws do not always express their intention perfectly, but either exceed it or fall short of it, so that judges are to collect it from probable or rational conjectures only, and this is called rational interpretation ”.
The language of this addition to section 4 of the Commercial Bent Law by chapter 534 of the Laws of 1949 is as follows: “ A rent, exceeding the amount of the emergency rent, may likewise be fixed by the supreme court as provided in this paragraph. In any such alternative proceeding to so fix rents in a building or other rental area, the court shall first determine the basic return on the property as in this section prescribed. A net annual return of six per centum on the fair value of the entire property plus two per centum of the value of the land and buildings shall be deemed to be the basic return. When the amount of such basic return has been determined, the court shall then determine the fair rental value per square foot of the rentable commercial space in such building or other rental area by dividing the amount of the total net rentable space into the total of the basic return found as aforesaid. Thereafter the landlord shall be entitled to receive rent at the rate per square foot so determined and the court shall fix at such rate the rent of any tenant occupying commercial space in such building or other rental area and who is paying rent at a rate per square foot less than the fair rental value so fixed. Nothing in this paragraph contained shall operate to affect any rent payable under any unexpired lease or agreement. Upon the expiration of any lease or agreement the rent payable thereunder shall be the emergency rent if such rent be equal to or in excess of the fair rental value per square foot as in this paragraph determined and fixed.”
In the hypothetical case of a building in which all of the rent-able commercial space is of equal value, the effect of permitting the landlord to recover rent from each of the statutory tenants at the rate per square foot determined by dividing the amount of the total net rentable space in the building into the total "of *690 the allowable basic return, would correctly require each tenant to pay a fair return to the owner upon the space occupied by him, regardless of the rents received by the owner from the entire property. That is what the commission stated was the object of the bill when it recommended it to the Legislature. When this formula was put into words, its draftsman evidently did not consider how it would operate in cases where the floor space in a building is of unequal value. Providing for all of the floor space in the same building as of equal value, was a fortuitous and unintended consequence. This obvious mistake should not be .permitted to defeat the object of the amendment.
The 1949 amendment does not set forth the entire procedure for the alternative proceeding which it authorizes, and so much of the section as previously enacted as is relevant to the alternative proceeding, should be deemed to apply thereto.
It is held that the total basic return for the building should be divided by the total of the weighted net rental space. The quantity of square footage in the respective rental spaces in the building should be weighted or adjusted in proportion to their relative rental values, under a procedure similar in principle to that whereby the number of unit lots in a single parcel of land is varied in tax certiorari proceedings, irrespective of the numerical square footage involved, so as to adjust to differences in value due to their location in the plot, by the application of such factors as are commonly known as plottage, key, corner and so forth. After that has been done, the landlord is entitled to recover from each statutory tenant the amount of rent so apportioned to him, regardless of how much income is received from the rest of the building. In Schack v. Handel (271 App. Div. 1) this court construed the requirement, absolute in form, of a 6% return with 2% for amortization of mortgage indebtedness, as presumptive only of what constitutes a fair return, but not binding upon the court. Otherwise, “ its constitutionality might be rendered questionable.” (P. 8.) By the same token, this alternative formula added to section 4 by chapter 534 of the Laws of 1949, should be applied in conformity with the relative rental values of floor space in a building, as above stated.
Inasmuch as evidence was not taken on the trial of relative values of floor space, a new trial is ordered. The reasonable rent in this alternative proceeding should be determined, as provided by the second sentence in section 4, “as of the date of the application to the supreme court ”.
The order appealed from should be reversed, with costs to the respondent-appellant, and a new trial should be ordered.