Bergan, J.
The order fixes rentals in 1948 of the respondents, who are tenants in an office building, under the Albany Business Rent Control Law (L. 1948, ch. 679). The “ fair value ” of the property is the statutory basis for a judicial determination fixing a “ reasonable rent ” (§ 5). The assessed value is presumed to be fair value, but “ other lawful evidence ” of value is expressly made admissible.
The assessed value was $2,000,000; the court found the fair value to be $1,700,000. This finding was based on the probable effect of a certiorari proceeding which the bank voluntarily discontinued, had the proceeding been carried to conclusion. There was other competent evidence of value which would sustain the finding of $1,700,000 as fair value. There is proof that over a neriod of years, both in deflationary times and in *717 inflationary times, the hank had itself depreciated the building which had cost $1,909,824.02 in 1927, to $920,000 in 1948. With a land value of $528,770.87, the finding of a total fair value of $1,700,000 was. justified by the record.
Depreciation is not to be calculated as a “ cost ’ ’ of operation by a landlord under the peculiar treatment of the subject of “ cost ” in a statute of similar text (Matter of Fifth Madison Corp. [New York Tel. Co.], 297 N. Y. 155), but it may be considered on the question of a fair return on the property (Schack v. Handel, 271 App. Div. 1, 7). This proof falls within the express authorization of section 5 of the Albany Business Rent Control Law permitting other evidence of fair value.
The bank’s own action in relation to other tenants whose leases expired in 1948 requires, in any event, the affirmance of the order. The bank offered the respondents here, and all other tenants whose leases were expiring in 1948, rentals at $2.50 a square foot for preferred space and apparently $2 a square foot for secondary space, before commencing this proceeding. A number of the other tenants accepted this offer and leases were made with them accordingly. It is sought here to require the respondents to pay $2.85 for preferred space and $2.50 for secondary space.
The Special Term has found the fair rental to be $2.50 for preferred space and $2 for secondary space, arriving by its calculation of the statutory formula at the same rates that the bank offered the nonlitigating tenants. The statute directs that the rent to he fixed by the court shall not exceed a fair and reasonable “proportion” of the rentals from “all” the rented space.
While a long lease executed before the emergency would place such leased space beyond the control of the landlord, who would not he required to assume a theoretical, hut could calculate the actual, rent of such space in his return (Matter of Court Square Bldg. v. City of New York, 298 N. Y. 380), still a landlord who voluntarily fixes and acts upon a rental in the emergency for similar space is not aggrieved by a judicial determination that the same rental for the similar space in dispute is fair and proportionate.
The order should be affirmed, with $10 costs and disbursements.
Foster, P. J., Hefeernan, Brewster and Coon, JJ., concur.
Order affirmed, with $10 costs and disbursements. [See 277 App. Div. 825.]