FERGUSON RESIDENCE CLUB, INC., Landlord, *v.* WALTER A. BAS-TEDO, Tenant, and LOUIS S. FERRIS et al., Undertenants.

Municipal Court of the City of New York, Borough of Manhattan, November 17, 1950.

*Morris Wolf* and *George A. Burrell* for landlord.

*Herman M. Glassner* for tenants.

GENUNG, J. The landlord seeks to recover possession of tenant's space for " its immediate and personal use." It brings the proceeding under paragraph (1) of subdivision (d) of section 8 of the Business Rent Law of the State of New York (L. 1945, ch. 314, as amd.). It is brought in conjunction with seven similar or identical proceedings against other tenant occupants, all of whom occupy office space in 33 East 68th Street, New York City. By written stipulation between the parties, these proceedings were tried together without consolidation in accordance with the provisions of section 96-a of the Civil Practice Act.

The petitions in all eight proceedings, with the exception of the named tenants and undertenants and space occupied by these tenants and undertenants, are identical and contain the following language: " The Landlord, as owner of said premises, now seeks and needs said premises in good faith for its immediate and personal use. The Petitioner now personally occupies other premises immediately adjoining those hereinbefore mentioned, namely 35 East 68th Street, New York City. On said adjoining premises, since 1935, the landlord has conducted the business of a residence club wherein young ladies who come to this city for study purposes reside, pursuant to rules and regulations govern-

ing their board and residence at such club, under the supervision and care of house mothers and chaperones. In addition thereto, these young ladies are instructed in various forms of social etiquette, language and other matters. In the proper carrying on of such business, the petitioner now needs and seeks additional place and space for many persons whom petitioner is unable to care for by reason of inadequate space. In addition thereto, the premises 33 East 68th Street are to be run in conjunction with the premises 35 East 68th Street, and the dining facilities are to be consolidated in both houses.''

The tenants and undertenants are doctors or dentists who use their respective premises as professional offices.

It appears from the testimony and pleadings, that the landlord presently owns the adjoining premises known as 35 East 68th Street, New York City. Since 1935 the landlord has conducted the business of a '' residence club wherein young ladies who come to this city for study purposes reside, pursuant to rules and regulations governing their board and residence at such club, under the supervision and care of house mothers and chaperones.'' The landlord alleges that it purchased the subject premises to expand its business and that they will be run in conjunction with the adjoining property. It maintains that its use of the adjoining premises, and its proposed use of the subject premises, comes within the exception provided in paragraph (1) of subdivision (d) of section 8 of the rent laws permitting recovery of such space because it, the landlord, seeks '' in good faith to recover possession of the business space for his immediate and personal use.'' The tenants contend that the landlord is conducting in the adjoining premises 35 East 68th Street a '' rooming house '' and intends conducting a '' roomhouse '' in the subject premises. They contend further that the operation of any piece of real property for profit is a '' business '' whether it be residential, commercial or business property. They submit that if the landlord's position was sustained it would be possible for enterprising real estate owners to organize a '' Professional Lawyers Building, Inc.'' or '' Amalgamated Textile Building, Inc.'', offer space to lawyers or textile manufacturers at definite rental bases, with facilities such as a law library and court service for lawyer tenants, or textile tenants, and evict tenants from possession. That the sole distinction between the landlord's proposed use and the present use of the building, is residential use as opposed to business use, but in each case for the landlord's profit, not from '' business activities '' but from renting of space to others. The president of

the landlord corporation testified that agreements were entered into between the landlord and its proposed member residents providing for definite rentals of rooms. A brochure or circular issued by the landlord was offered in evidence by the tenants. It contains, among other things, a definite rate or rental schedule. It refers to bedrooms to be occupied by these " club members."

The court is mindful of the fact that the landlord in good faith made an investment in real property for what is undoubtedly a legitimate business venture, and that in good faith the landlord seeks to expand its business activities. But good faith is not the sole test. There are other statutory requirements to meet. A landlord is not permitted to oust a tenant for the purpose of rerenting space to others. (*Kauffman & Sons Saddlery Co.* v. *Miller,* 298 N. Y. 38, 43.) The applicable principles to be followed are clearly set forth by the Court of Appeals in the cited cases. " Removal of a tenant is there sanctioned at the hands of the landlord who ' seeks in good faith ' the space for his own use. In our view, the landlord complies with the statute's demands if he brings the eviction proceeding with the intention ' to occupy such space ' and ' actively to conduct ' his own business therein. He is not, in other words, permitted to oust the tenant for the purpose of reletting the space to others." (*Kauffman & Sons Saddlery Co.* v. *Miller, supra,* p. 43.) The proposed use by the landlord is not in the opinion of the court the landlord's own immediate and personal use. The proposed use in the opinion of the court is for the renting of rooms to others. The Multiple Dwelling Laws define a " Class B " multiple dwelling as a " dwelling which is occupied, as a rule transiently, as the more or less temporary abode of individuals or families who are lodged with or without meals. This class shall include hotels, lodging houses, rooming houses, boarding houses, boarding schools, furnished room houses, lodgings, club houses and college and school dormitories." (Multiple Dwelling Law, § 4, subd. 9.) Subdivisions 12 and 13 of section 4 of the Multiple Dwelling Law define a rooming house as: " A ' hotel ' is an inn having thirty or more sleeping rooms. * * * A 'rooming house ' or a 'furnished room house ' is a multiple dwelling, other than a hotel, having less than thirty sleeping rooms and in which persons either individually or as families are housed for hire or otherwise with or without meals. An inn with less than thirty sleeping rooms is a rooming house." In essence, the landlord's proposed use is identical with the quoted sections of the Multiple Dwelling Law.

Construction of the rent statutes requires the court to follow and carry out the legislative intent, which was to prevent evictions during the period of the rent laws except where the landlord met and complied with certain definite rules and conditions outlined in these laws. (*More & Grossman, Inc.* v. *Acker & Co.*, 297 N. Y. 304; *Matter of Fifth Madison Corp.* [*N. Y. Tel. Co.*], 297 N. Y. 155; *Twentieth Century Associates, Inc.* v. *Waldman*, 294 N. Y. 571; *Kauffman & Sons Saddlery Co.* v. *Miller, supra.*) Conceding the landlord's good faith, it has still failed to prove that its proposed use is for its own immediate and personal use, but on the contrary, the evidence clearly shows that it intends to rerent the space to others at definite rentals. The case of *St. Nicholas Sports Center* v. *Lincoln Square Center* (276 App. Div. 521) cited by the landlord is not on its facts applicable to the within case. There the landlord was in possession of the greater part of the building which it used for " sporting events, dances, conventions, banquets and the like." (P. 523.) It does not remotely resemble the cases at bar where the landlord seeks to recover business space for the sole purpose of converting it into residential space and then rerenting such residential space to others.

The landlord's petitions must, therefore, be dismissed and final order entered in favor of the tenants. Pursuant to the stipulation made between the parties, the decision of the court in this case is deemed the decision in the other cases, except that separate final orders shall be entered by the clerk in each case.